IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM BELL, | ) | |
| | ) | |
| Plaintiff, | ) | No.   20cv03740 |
| | ) | |
| v. | ) | Judge Andrea R. Wood |
| | ) | |
| CHICAGO POLICE OFFICER MATTHEW PATRUNO, STAR #18814, and THE CITY OF CHICAGO, a Municipal Corporation, | ) ) ) | Mag. Judge Heather M. McShain |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

## FIRST AMENDED COMPLAINT AT LAW

NOW COMES the PLAINTIFF, WILLIAM BELL, by his attorneys, JEFFREY J. NESLUND, THE LAW OFFICES OF JEFFREY J. NESLUND, and complaining of the DEFENDANTS CHICAGO POLICE OFFICER MATTHEW PATRUNO, STAR #18814, and the CITY OF CHICAGO, a Municipal Corporation, and pleading in the alternative, states as follows:

## INTRODUCTION

1. This is an action for civil damages brought under 42 U.S.C. Sec. 1983 for the deprivation of PLAINTIFF WILLIAM BELL constitutional rights and violations of Illinois state law. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331, 1343 and 1367.

2. PLAINTIFF, WILLIAM BELL, is an individual who, at all times relevant hereto, was living in the Northern District of Illinois.

3. DEFENDANT MATTHEW PATRUNO was a sworn Chicago Police Officer and at all times relevant hereto, was on duty and acting under color of law.

4. DEFENDANT, CITY OF CHICAGO, is a municipal corporation, organized under the laws of the State of Illinois and is responsible for the management, policies, and supervision of its

subordinate agency, the Chicago Police Department and it's sworn employee, including the DEFENDANT PATRUNO.

## FACTUAL ALLEGATIONS

5. On July 6, 2018, Plaintiff WILLIAM BELL was dropped off at a residence located at 639 N. Homan in Chicago, Illinois.

6. Defendant PATRUNO was driving an unmarked Chicago Police SUV and began to chase Plaintiff WILLIAM BELL.

7. During the police chase, Defendant PATRUNO drove his police vehicle around the corner from Homan and saw Plaintiff WILLIAM BELL run into a vacant lot located at or near 3350 W. Huron Street in Chicago, Illinois.

8. Defendant PATRUNO drove off the street, across the sidewalk and into the vacant lot, striking Plaintiff WILLIAM BELL with his police vehicle.

9. As a result of being struck by Defendant PATRUNO, Plaintiff WILLIAM BELL was subsequently hospitalized for his injuries, including multiple fractures to his jaw.

## COUNT I
## 42 U.S.C. § 1983: Excessive Force

10. Plaintiff re-alleges and incorporates paragraphs 1-9 above as fully stated herein.

11. The acts of the Defendant PATRUNO were a deliberate and deprivation of the constitutional rights of Plaintiff WILLIAM BELL against excessive force as guaranteed by the Fourth Amendment of the Constitution and made applicable to the states by the Fourteenth Amendment.

12. As a direct and proximate result of the unreasonable and unjustifiable excessive force used by the Defendant PATRUNO, Plaintiff WILLIAM BELL suffered physical and emotional

injuries, and other damages in violation of 42 U.S.C. §1983, including a fractures to the jaw, permanent scarring and disfigurement, disability, substantial mental anguish, emotional distress, anxiety and interference with certain basic life functions.

13. The misconduct undertaken by Defendant PATRUNO was committed within the scope of his employment for the City of Chicago as a police officer acting under color of law.

## COUNT II
### (Willful and Wanton Conduct)

14. Plaintiff adopts and re-alleges paragraphs 1-9 of the Common Allegations as if fully set forth herein.

15. The acts of Defendant PATRUNO outlined above exhibited a reckless indifference to and conscious disregard for the safety of others, including the Plaintiff WILLIAM BELL, and thereby engaged in willful and wanton conduct in violation of Section 2002 of the Illinois Tort Immunity Act.

16. As a direct and proximate cause of the willful and wanton conduct of Defendant PATRUNO, the Plaintiff WILLIAM BELL suffered physical and emotional injuries, including fractures to his jaw.

17. DEFENDANT CITY OF CHICAGO is liable under the doctrine of *respondeat superior* for the willful and wanton misconduct of Defendant PATRUNO who at all times was acting within the scope of his employment as a Chicago Police Officer.

## COUNT III
### Indemnification
(*Defendant City of Chicago*)

18. Plaintiff re-alleges and incorporates paragraphs 1-10 above as fully stated herein.

19. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

20. The DEFENDANT OFFICERS acted within the scope of their employment in committing the misconduct described herein. Therefore, Defendant City of Chicago is liable as their employer for any resulting damages or award of attorney's fees.

## REQUEST FOR RELIEF

21. PLAINTIFF WILLIAM BELL respectfully requests that the Court:

   a. Enter a judgment in his favor and against all DEFENDANTS;

   b. Award compensatory damages and costs against all DEFENDANTS;

   c. Award attorney's fees against all DEFENDANTS;

   d. Award punitive damages against all individual DEFENDANTS; and

   e. Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

22. PLAINTIFF WILLIAM BELL demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

/s/ Jeffrey J. Neslund
Jeffrey J. Neslund
Attorney for Plaintiff

JEFFREY J. NESLUND
Law Offices of Jeffrey J. Neslund
20 North Wacker Drive, Suite 3710
Chicago, IL 60606
(312) 223-1100